Present — Jᴇɴᴋs, P. J., Tʜᴏᴍᴀs, Sᴛᴀᴘʟᴇᴛᴏɴ, Rɪᴄʜ and Pᴜᴛɴᴀᴍ, JJ.

Judgment and order, so far as appealed from, unanimously affirmed, with costs.

---

Mɪᴄʜᴀᴇʟ Lᴇᴍɪᴋ, Respondent, *v.* Aᴍᴇʀɪᴄᴀɴ Sᴜɢᴀʀ Rᴇғɪɴɪɴɢ Cᴏᴍᴘᴀɴʏ ᴏғ Nᴇᴡ Yᴏʀᴋ, Appellant.

Second Department, January 19, 1917.

Master and servant — negligence — injury by fall of elevator — charge — res ipsa loquitur — variance between proof and bill of particulars.

In an action to recover for personal injuries, caused by an elevator which fell of its own accord, it is error to charge that the jury may infer negligence of the defendant from the mere fact that the elevator fell, for although the unexplained fall of the elevator justified a finding that it was out of order, it did not warrant the jury in inferring that this was due to any negligence of the defendant. The court should also have charged the jury respecting evidence given by the plaintiff to the effect that the elevator had fallen on prior occasions, and that notice thereof had been given to the defendant's foreman, so as to charge the defendant itself with actual or constructive notice of the defective condition.

Although the plaintiff's bill of particulars stated that he had pushed a hand truck half way upon the elevator when it fell, and that after the

fall it rebounded back to the sixth floor of the building, there was no fatal variance where the proof showed that the plaintiff had pushed the truck entirely upon the elevator when it fell, and that it only returned of its own accord to the fourth floor.

APPEAL by the defendant, American Sugar Refining Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 5th day of April, 1916, upon the verdict of a jury for $4,000, and also from an order entered in said clerk's office on the 17th day of April, 1916, denying defendant's motion for a new trial made upon the minutes.

*Walter L. Glenney* [*Bertrand L. Pettigrew* with him on the brief], for the appellant.

*George F. Hickey*, for the respondent.

MILLS, J.:

This action was brought at common law to recover damages for personal injuries which the plaintiff claimed to have sustained while in the employment of the defendant in its refinery in the borough of Brooklyn, on the 24th of April, 1913, through the negligence of the defendant in that an elevator, upon which the plaintiff was wheeling a hand truck, fell of its own accord because it was, through defendant's negligence, out of repair.

The evidence for the plaintiff, if credited, showed that the elevator, upon the occasion of the accident, while being used by him as it was designed to be used, viz., to receive at the sixth floor its usual load, started of its own accord, contrary to its design and general action, and so brought an iron bar attached to it in violent contact with plaintiff's arm, and also that the elevator had acted in the same way with the plaintiff upon two occasions about a week before, and that then the plaintiff had complained to defendant's foreman about it and the foreman had replied, "All right, I will fix it." Another employee of the defendant testified to a similar falling of the elevator about three days before the accident.

Defendant's evidence tended to show that the elevator, as constructed, could not so fall. An expert for plaintiff, however, testified that it could do so by air getting into certain parts of the operating works.

Appellant's counsel, in his brief here, makes several claims of error to the substantial prejudice of the defendant. As affecting the question of liability, only one such claim appears to me to be of force. That claim is that the learned trial justice erred in his charge to the jury as to the application of the doctrine of *res ipsa loquitur*. The main charge upon that point instructed the jury clearly that from the mere fact of the falling of the elevator of its own accord upon the occasion of the accident, the jury might infer negligence of the defendant. To that portion of the charge the defendant excepted. I think that such exception was well taken, not because the unexplained falling of the elevator of its own accord upon the occasion of the accident did not of itself warrant the jury in inferring therefrom that the elevator was at the moment out of order in some way, but because it did not warrant the jury in inferring that it was so out of order through any negligence of the defendant. In order to warrant the latter conclusion there were needed additional facts, such as the alleged prior falling and notice thereof to defendant's foreman, so as to establish that the defendant had prior notice, actual or constructive, of defective condition. This necessity is recognized in the cases cited by the learned counsel for the respondent in his brief. The charge in no way submitted to the jury the alleged prior falling as even any element at all in the problem of defendant's negligence. That element was submitted to the jury only as affecting the defense of assumption of risk.

The two leading cases in the Court of Appeals upon the subject of the application of the doctrine of *res ipsa loquitur* to master and servant cases are *Henson* v. *Lehigh Valley R. R. Co.* (194 N. Y. 205) and *Marceau* v. *Rutland R. R. Co.* (211 id. 203).

The theory of the *Henson* case is that experience has demonstrated that a moving car may leave the track without there having been any negligence on the part of the railroad company, and, therefore, that such doctrine does not apply in favor of the injured servant, while it would apply in favor of a passenger (p. 211). As to the proof in that case that after the accident a bolt was found missing from the truck which first left the track, and that such a missing bolt might have caused

such leaving, the opinion clearly held that those facts alone did not warrant any inference of negligence, because they did not warrant any inference that such bolt "had been gone for such a length of time or under such circumstances as to make the defendant guilty of negligence" (p. 208).

In the *Marceau Case* (*supra*) the *Henson* case was cited with approval at page 212. The decision in that, the *Marceau* case, appears to me not to have been at all, as seems to be assumed by some, that from the mere fact that the boiler of the locomotive in that case exploded while in ordinary use, negligence could be inferred, but it appears to me that that decision rather was merely that from the fact of such explosion, together with the proof of the attendant circumstances thereof, viz., that the flues in the boiler had been found loose and leaking four days before the accident, and that defendant had then made an effort to repair them, but that the leaking naturally to be caused by such looseness of the flues began again the day before the accident, an inference might be drawn that the work of inspection and repair attempted to be done three or four days before had been negligently done (Pp. 212, 213). That decision, therefore, to my mind at least, stands as no warrant for the broad assertion made here in the charge, that from the mere happening of such an accident as the falling of the elevator of its own accord, negligence may be inferred in the servant's action against the master. That this is a fair estimate of the weight of that decision is apparent from the following excerpt from the opinion, viz.: "If the plaintiff's case were wholly dependent upon evidence merely showing the happening of this explosion, it might be necessary to hold that he had not proved enough to give him the benefit of the maxim which he invokes. The ultimate question, therefore, is whether he has the support of surrounding circumstances which show that the accident was of ' such a character as does not ordinarily occur where the party charged with responsibility has exercised the degree of care and caution required by law to avoid such a mishap.' (*Henson* v. *Lehigh Valley R. R. Co..* 194 N. Y. 205, 211.) We think he has. The defendant's foreman testified that if a flue is loose at both ends it would be liable to move from the pressure, and that if

a flue is loose at one end it is more liable to move than one that is not loose.   It is undisputed that defendant's chief boilerman inspected this engine on the 21st or 22nd of March and found that a number of flues, about twenty-five, were leaking. These were repaired, but the boiler still leaked on the 24th, and the explosion occurred on the 25th.   Since the defendant's experts had found loose and leaking flues which they repaired, it is reasonable to infer that the displacement of another flue within two or three days was attributable to the same cause. * * *   The almost immediate recurrence of a condition that had led to inspection and repair was circumstantial evidence which tended to show that the work had not been thoroughly done.   We think, therefore, that the plaintiff was entitled to rest upon the rule of *res ipsa loquitur*, and that in the absence of a satisfactory and convincing explanation by the defendant, the plaintiff was entitled to recover." (211 N. Y. 212, 213.)

Indeed, in this case, plaintiff's counsel apparently tried the action, or at least introduced his evidence, upon the theory that proof of the prior like starting of the elevator of its own accord was necessary to make the case, and that element in the case was contested by defendant's proof.

The appellant also contends that there was a fatal variance between the proof and the bill of particulars as to the manner in which the accident happened.   The bill stated that "The plaintiff had the truck about half way on the elevator when it dropped down to the floor below and then rebounded, coming back to the sixth floor;" whereas the proof was that plaintiff had gotten the truck entirely upon the elevator and was pushing it further back when the elevator fell from the sixth to the fifth floor, where it stood for some time and then, of its own accord, went down to the fourth floor.   I think that such variances were immaterial, as they did not affect the vital thing, which was that the elevator fell of its own accord from the sixth floor and thereby caused the bar to strike the plaintiff's arm.

The appellant also contends that the greater weight of the evidence established that the serious condition of plaintiff's arm was due, not to the accident in suit, but to the prior diseased

condition of the arm. I do not think that the contention is well taken, but do not examine the matter here at length because that question will have to be tried out at the new trial and very likely with additional material evidence.

I advise, therefore, that the judgment and order be reversed and a new trial granted, costs to abide the event.

THOMAS, STAPLETON and RICH, JJ., concurred; CARR, J., not voting.

Judgment and order reversed and new trial granted, costs to abide the event.